IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
In re:                                              :    Chapter 11
                                                    :
COLDWATER CREEK INC., et al.,[1]                    :    Case No. 14–10867 (BLS)
                                                    :
                  Debtors.                          :    (Jointly Administered)
                                                    :
                                                    :    Ref. Docket Nos. 572 and 728
---------------------------------------------------------x

ORDER AUTHORIZING SALE OF LEASES FREE
AND CLEAR OF ALL INTERESTS; APPROVING ASSUMPTION AND
ASSIGNMENT OF LEASES; AND WAIVING STAY PROVISIONS PURSUANT
TO BANKRUPTCY RULES 6004(H) AND 6006(D)

Coldwater Creek Inc., on behalf of itself and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**"), having filed the *Debtors' Motion for Entry of: (i) Order (a) Establishing Notice Procedures for the Assumption and Assignment of Nonresidential Real Property Leases; (b) Establishing Bidding Procedures, in Connection with an Auction of Nonresidential Real Property Leases; (c) Authorizing and Scheduling an Auction with Respect Thereto; (d) Approving Cure Procedures; and (e) Scheduling a Sale Hearing with Respect to the Outcome of the Auction; and (ii) Order (a) Authorizing Sale of Leases Free and Clear of All Interests; (b) Approving Assumption and Assignment of Leases; and (c) Waiving Stay Provisions Pursuant to Bankruptcy Rules 6004(h) and 6006(d)* (the "**Motion**");[2] and the Debtors and Lane Bryant, Inc. (the "**Buyer**") having agreed upon terms and conditions, as set forth in those certain Assignment Agreements (the

---

[1] The Debtors in these proceedings (including the last four digits of their respective taxpayer identification numbers) are: Coldwater Creek Inc. (9266), Coldwater Creek U.S. Inc. (8831), Aspenwood Advertising, Inc. (7427), Coldwater Creek The Spa Inc. (7592), CWC Rewards Inc. (5382), Coldwater Creek Merchandising & Logistics Inc. (3904) and Coldwater Creek Sourcing Inc. (8530). Debtor CWC Sourcing LLC has the following Idaho organizational identification number: W38677. The Debtors' corporate headquarters is located at One Coldwater Creek Drive, Sandpoint, Idaho 83864.

[2] All terms not otherwise defined herein shall be given the meanings ascribed to them in the Motion.

01:15826742.2

"**Assignment Agreements**"), copies of which are attached hereto as <u>Exhibit A</u>, for, among other things, assumption and assignment of certain of the Debtors' non-residential real property leases identified on the schedule annexed hereto and incorporated herein as <u>Exhibit B</u> (the "**Leases**") (as further described in the Assignment Agreements, the "**Sale**"); and a hearing having been held by this Court on June 12, 2014 to approve the notice procedures (the "**Notice Procedures**"); and this Court entered its Order approving, among other things, the Notice Procedures [Docket No. 572]; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that venue of these chapter 11 cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and this Court having found that the relief requested in the Motion is justified by the facts and circumstances; and it appearing that proper and adequate notice of the Motion has been given and that, except as otherwise ordered herein, no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

    IT IS HEREBY FOUND, CONCLUDED AND DETERMINED THAT:

    A.  The Debtors have articulated good and sufficient reason for this Court to grant the relief requested in the Motion, specifically, without limitation, the sale of the Leases pursuant to the Assignment Agreements.

    B.  To the extent any inconsistency arises between this Order and Assignment Agreements, this Order shall control.

C. Under the facts and circumstances of these cases, the purchase price for the Leases is fair and reasonable.

D. The Buyer is a buyer in good faith with respect to the Leases, as that term is used in section 363(m) on the Bankruptcy Code. The Buyer meets the standards of "good faith" which were enumerated by the United States Court of Appeals for the Third Circuit in *In re Abbots Dairies of Pennsylvania, Inc.*, 788 F.3d 143 (3d Cir. 1986).

E. The Buyer is not a mere continuation of, or successor to, the Debtors in any respect, and there is no continuity of enterprise between the Debtors or the Buyer.

F. All the requirements of sections 363 and 364 of the Bankruptcy Code have been met with respect to the assumption, assignment, and sale of the Leases.

G. The Assignment Agreements are arm's-length negotiated transactions between unrelated parties, in which the Buyer has at all times acted in good faith.

NOW, THEREFOR IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

1. The Motion is GRANTED as set forth herein.

2. The Assignment Agreements are hereby approved, and the Debtors are authorized to take any and all actions necessary or appropriate to consummate the Assignment Agreements.

3. Pursuant to section 363(f) of the Bankruptcy Code, the sale of the Leases to the Buyer is free and clear of all liens, claims, interests or encumbrances on the Leases with all such liens, claims, interests and encumbrances attaching to the proceeds of the sale with the same force, effect and priority that such liens, claims, interests and encumbrances had on the Leases sold.

4. Pursuant to section 363(m) of the Bankruptcy Code, the Buyer shall be, and hereby is, deemed to have purchased the Leases in good faith.

5. The Debtors have met all requirements of sections 365(b) and (f) of the Bankruptcy Code in connection with the assumption and assignment of the Leases to the Buyer. Each of the Leases is an "unexpired lease" within the meaning of section 365 of the Bankruptcy Code.

6. Pursuant to sections 363(b)(1) and 365(a) of the Bankruptcy Code, the Debtors are hereby authorized to assume and assign the Leases to the Buyer (or to such affiliate of the Buyer as is otherwise agreed to in writing by the applicable Lease Counterparty) on the terms set forth in the applicable Assignment Agreements. The Debtors are authorized to enter into the Assignment Agreements. The Debtors are hereby authorized to take such actions as are reasonably necessary to implement and effectuate the terms of this Order, the assignment of the Leases, and the Assignment Agreements.

7. The assumption and assignment of the Leases shall be deemed to have occurred (the "**Effective Date**") on the day following the conclusion of the store closing sales at the leased premises. In the event that the Effective Date is expected to be later than August 1, 2014, the Debtors shall provide the Buyer with no less than seven (7) days advance notice of the Effective Date.

8. The Buyer has provided adequate assurance of its future performance under the Leases within the meaning of sections 365(b)(1)(C), 365(b)(3), and 365(f)(2)(B) of the Bankruptcy Code.

9. Upon the Effective Date, the Buyer shall be deemed to be substituted for the Debtors as a party to the Leases and all documents related to the Leases. Upon the Effective

Date, each of the Leases shall be deemed valid and binding, in good standing, in full force and effect in accordance with its terms, as modified by the Assignment Agreements, and the Buyer shall be fully and irrevocably vested with all right, title, interest and obligations of the Debtors as tenant, accruing after the Effective Date, under the Leases. Assumption of the Leases by the Debtors is contingent upon the consummation of the assignment of the Leases to the Buyer.

10. Except as otherwise specifically provided in this Order, or as specifically agreed to with the respective Lease Counterparty, the cure amounts under the Leases are fixed in the sums so set forth on Exhibit B hereto (the "**Cure Amounts**"). And, upon payment of the Cure Amounts by the Debtors, each Lease Counterparty shall be barred from asserting any additional Cure Amounts or other claims with respect to its Lease. Under no circumstances shall Buyer be responsible for Cure Amounts or year-end reconciliations attributable to any period of time prior to the Effective Date.

11. The Leases may be used by the Buyer for the purpose as forth in the Assignment Agreements.

12. Notwithstanding any term of the Leases to the contrary, any extension or renewal options or other rights contained in the Leases that purport to be personal only to the Debtors or to a named entity in the Leases or to be exercisable only by the Debtors or by a named entity or an entity operating under a specific trade name may be freely exercised to their full extent by the Buyer, in accordance with the terms of the Leases. Any extension or renewal options have been timely exercised by the Debtors and the Leases are all in full force and effect and have not been previously rejected and the Debtors' time to assume or reject the Leases has not otherwise expired.

13. Notwithstanding any provision of the Leases, including a covenant of continuous operation or a "go dark" provision, the Buyer shall not be required to operate its business from the leased premises for a reasonable period of time after the Effective Date, but in no event more than 120 days from the later of the date upon which all relevant permits have been issued or the date the Lease Counterparty (Landlord) has approved Buyer's plans and specifications, in order to perform alterations and remodeling which shall be done in a manner consistent with the terms of the Leases and to replace and modify existing signage to the extent necessary to operate at the premises under its applicable trade name and consistent with its business operations and in a manner consistent with the terms of the Leases.

14. The Lease Counterparties shall cooperate and execute and deliver, upon the reasonable request of the Buyer, any instruments, applications, consents, or other documents that may be required by any public or quasi-public authority or other party or entity, for the purpose of obtaining any permits, approvals, or other necessary documents required for alteration, installation of signage, opening and operating the premises associated with the Leases, *provided* the Lease Counterparty as a result of said cooperation does not incur any material out of pocket costs.

15. Each and every federal, state, and local governmental agency or department is hereby directed to accept this Order and any and all other documents and instruments necessary and appropriate to consummate the assumption and assignment of the Leases to the Buyer.

16. This Order shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing officers, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments,

secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Leases.

17. This Order and the terms and provisions of the Assignment Agreements shall be binding on all of the Debtors' creditors (whether known or unknown), the Debtors, the Buyer, and their respective affiliates, successors, and assigns, and any affected third parties.

18. Notwithstanding Bankruptcy Rules 4001, 6004, and 6006 or any other law that would serve to stay or limit the immediate effect of this Order, this Order shall be effective and enforceable immediately upon entry.

19. Pursuant to section 365(k) of the Bankruptcy Code, the Debtors shall be relieved of all future liability under the Leases occurring after the assumption and assignment thereof to the Buyer.

20. This Court shall retain jurisdiction over the parties for the purpose of enforcing the terms and provisions of this Order.

Dated: Wilmington, Delaware
July 30, 2014

Brendan Linehan Shannon
United States Bankruptcy Judge

01:15826742.2

7