IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| CWC LIQUIDATION INC. (f/k/a | ) |
| Coldwater Creek Inc.), *et.al.*, | ) Case No. 14-10867 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Re: Docket No. 1025 |

### AGREED ORDER GRANTING SHERYL HORN'S
### MOTION FOR RELIEF FROM PERMANENT INJUNCTION

Upon consideration of the *Motion for Relief From Permanent Injunction* (the "Motion") filed by Sheryl Horn (the "Movant"), and due and proper notice of the Motion having been given, and no other or further notice being necessary or required; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED, that:

1. The Motion is GRANTED;

2. The automatic stay imposed by 11 U.S.C. § 362(a) and the permanent injunction contemplated by the *Debtors' Modified Third Amended Joint Plan of Liquidation* (the "Plan") [Docket Nos. 835, 981-1] and the order confirming the Plan [Docket No. 981] (the "Plan Injunction") hereby are modified and lifted solely for the limited purpose of allowing Movant to proceed with the Action (as defined in the Motion) in the United States District Court for the Central District of California (the "California District Court") to liquidate Movant's proof of claim (Claim No. 1173) (the "Claim");

3. Except as otherwise expressly provided herein, the automatic stay and the Plan Injunction remain in full force and effect and bar any action by Movant to collect on any

*DEL 408243922v1*

judgment or settlement with respect to the Action and/or the Claim (a "Liquidation Event") against any of the Debtors, their property, or the property of the CWC Creditors' Liquidating Trust (the "Trust"). To the extent that a Liquidation Event occurs, all distributions on account of the Claim are governed by the Plan except as to any excess over and above the self-insured retention amount under the Debtors' liability insurance applicable to the Claim and/or the Action (the "Excess Amount");

4. Neither the entry of this Order nor the failure of any party to object to the entry of this Order shall affect any defenses to, or should be construed as an admission of liability by any party with respect to, the Claim or any allegations asserted in Action pending in the California District Court. Without limiting the generality of the foregoing, neither this Order nor any actions taken pursuant hereto shall affect the rights of the Debtors or their insurers, the Trust or the Liquidating Trustee (as defined in the Plan) to assert any defenses to any claims, including the claims raised in the Action, or any other action or proceeding. Nothing herein shall be construed as a settlement of the Action or otherwise;

5. Nothing herein (i) alters or amends the terms and conditions of any insurance policies issued to the Debtors or of any related agreements; (ii) relieves the Debtors of their obligations to pay any retentions or to pay (or reimburse the insurer for) any deductibles; (iii) relieves the Debtors of any of their other obligations under their insurance policies and related agreements; (iv) creates or permits a direct right of action by the Movant against any insurers; or (v) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any alleged applicable policy;

6. The Claim Objection Deadline (as defined in the Plan) does not apply to the Claim, such that notwithstanding any passage of the Claim Objection Deadline, (i) any and all defenses

of the Trust, the Trustee, the Debtors or their estates to the Claim are fully preserved; and (ii) the Trustee's right to object to the Claim on any and all available grounds is preserved.

7. This Order shall be effective immediately upon its entry on the Docket.

Dated: Wilmington, Delaware
       Nov 9 , 2015

The Honorable Brendan L. Shannon
Chief United States Bankruptcy Court Judge