IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
---------------------------------------------------------x
                                     :
                                     :   Chapter 11
                                     :
In re:                               :
                                     :   Case No. 14–10867 (BLS)
CWC LIQUIDATION INC.                 :
(f/k/a Coldwater Creek Inc.), et al.,[1]  :   (Substantively Consolidated)
                                     :
        Post-Confirmation Debtors.   :   Re: D.I. 1931
                                     :
---------------------------------------------------------x
```

**ORDER AND FINAL DECREE (I) CLOSING THE CHAPTER 11 CASE OF
CWC LIQUIDATION INC. (F/K/A COLDWATER CREEK INC.); (II) APPROVING
ABANDONMENT OF REMAINING TRUST ASSETS; AND (III) DISCHARGING THE
LIQUIDATING TRUSTEE AND LIQUIDATING TRUST OVERSIGHT COMMITTEE**

Upon the Motion[2] dated August 26, 2019, filed by the CWC Creditors'

Liquidating Trust (the "Trust") under 11 U.S.C. §§ 105(a) and 350(a), Fed. R. Bankr. P. 3022

and Del. Bankr. L.R. 3022-1 for an order and final decree (i) closing the Chapter 11 case of

CWC Liquidation Inc. (f/k/a Coldwater Creek Inc.) (the "Lead Debtor"); (ii) approving the

abandonment of any remaining Trust assets; and (iii) discharging the Liquidating Trustee, the

Liquidating Trust Oversight Committee and their respective members, professionals, consultants

and/or employees; and it appearing that the Lead Debtor's case is fully administered within the

meaning of section 350 of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Rule 3022-

1(a); and the Bankruptcy Court having determined that granting the relief requested in the

Motion is in the best interests of the Debtors' estates and creditors; and it appearing that proper

---

[1]     The Debtors in these proceedings are: CWC Liquidation Inc. (f/k/a Coldwater Creek Inc.); CWC U.S.
        Liquidation Inc. (f/k/a Coldwater Creek U.S. Inc.); CWC Advertising Liquidation Inc. (f/k/a Aspenwood
        Advertising, Inc.); CWC Spa Liquidation Inc. (f/k/a Coldwater Creek The Spa Inc.); CWC Rewards
        Liquidation Inc. (f/k/a CWC Rewards Inc.); CWC M&L Liquidation Inc. (f/k/a Coldwater Creek
        Merchandising & Logistics Inc.); CWC Sourcing Liquidation Inc. (f/k/a Coldwater Creek Sourcing Inc.);
        and CWC Sourcing Liquidation LLC (f/k/a CWC Sourcing LLC).

[2]     Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

and adequate notice of the Motion has been given under the circumstances and that no other or further notice is necessary; and the Bankruptcy Court having jurisdiction of this matter; and the legal and factual bases stated in the Motion having established just cause for the relief requested in the Motion; and after due deliberation; and good and sufficient cause appearing therefor; it is hereby

ORDERED, DECREED, AND ADJUDGED THAT:

1.      The Motion is granted.

2.      Pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Rule 3022-1, effective as of the date of entry of this Order and Final Decree, the chapter 11 case of the Lead Debtor (No. 14-10867) hereby is closed.

3.      To the extent not already paid, the fees required to be paid to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6) shall be paid by the Liquidating Trustee within thirty days after the date of entry of this Order and Final Decree.

4.      Pursuant to Local Rule 2002-1(f), except as otherwise set forth in this paragraph, Prime Clerk LLC (the "Agent") is relieved of any further obligations with respect to claims and noticing services effective immediately upon entry of this Order and Final Decree except as otherwise provided in this paragraph.  In accordance with Local Rule 2002-1(f)(ix), within twenty-eight days after the entry of this Order and Final Decree, the Agent shall: (i) forward to the Clerk of the United States Bankruptcy Court for the District of Delaware (the "Clerk") an electronic version of all imaged claims; (ii) upload the creditor mailing list into CM/ECF; (iii) docket a final claims register; and (iv) box and transport all original Claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154

and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

5.      The Liquidating Trustee's abandonment of any remaining assets of the Trust is approved.

6.      Without further order of the Bankruptcy Court, each of the Liquidating Trustee and the Liquidating Trust Oversight Committee shall have fully discharged their respective duties with respect to the Trust Agreement, Plan, Trust and Debtors' estates, and shall be deemed discharged from their respective duties and obligations in the Debtors' chapter 11 cases and under the Trust Agreement, and the Liquidating Trustee, the Liquidating Trust Oversight Committee and their respective members, professionals, consultants and/or employees shall be discharged and released from all liability related to the Trust, such that thereafter, no entity or governmental unit shall have any claim, except in the event of gross negligence and/or willful misconduct, against the Liquidating Trustee, the Liquidating Trust Oversight Committee and their respective members, professionals, consultants and employees, the Trust, or any of the Debtors' Estates, immediately effective on the later of:  (i) the date that this Order and Final Decree is entered; and (ii) to the extent that the Trust makes final Distributions subsequent to the entry of this Order and Final Decree, the date that final Distributions are first issued.

7.      Entry of this Order and Final Decree shall be without prejudice to the rights of the Liquidating Trustee, on behalf of the Trust, or any other party-in-interest to seek to reopen any of the Debtors' chapter 11 cases for cause.

8.      The Liquidating Trustee, on behalf of the Trust, is empowered and authorized to take all actions necessary or appropriate to effect the relief granted in this Order and Final Decree.

3

9.    The Clerk of the Court shall enter this Order and Final Decree on the docket of Lead Debtor's case and thereafter such docket shall be marked as "Closed."

10.    Notwithstanding any stay that might be applicable to this Order and Final Decree, this Order and Final Decree shall be effective and enforceable immediately upon entry hereof.

11.    The Bankruptcy Court shall retain jurisdiction to construe and enforce the terms of this Order and Final Decree.

**Dated: September 24th, 2019**
**Wilmington, Delaware**

**BRENDAN L. SHANNON UNITED STATES BANKRUPTCY JUDGE**

4